(No. 3957— ■)

THE TEXAS COMPANY, A DELAWARE CORPORATION, Claimant. *vs.*
STATE OF ILLINOIS, Respondent.

*Opinion filed September 12, 1946.*

HAROLD K. NORTON and EDWARD R. CULLEN, Chicago,
Illinois, attorneys for claimant.

GEORGE F. BARRETT, Attorney General, for respond-
ent; C. ARTHUR NEBEL, Assistant Attorney General, of
counsel.

DAMRON, J.

The claimant is a foreign corporation duly author-
ized to engage in business in this State. An award in
the amount of $68.09 is sought for goods sold and de-
livered to the respondent by the claimant.

The record consists of the complaint, bill of particu-
lars, report of the Division of Highways, and the waiver,
statement, brief, and argument by the claimant and re-
spondent.

The record discloses that the claimant, through its
agents, furnished the respondent with gasoline, kerosene,
liquid fuels, oils, and lubricants.

The report of the Division of Highways ac-
knowledges that the claimant, through its several agen-
cies, made 22 deliveries of products for which it has not
been paid. The Division of Highways, of the Depart-

ment of Public Works and Buildings, made 17 purchases; the Division of State Police, of the Department of Public Safety, made 3 purchases; the Division of Waterways, of the Department of Public Works and Buildings, made 1 purchase, and the Department of Conservation made 1 purchase, as set out in claimant's bill of particulars attached to said complaint and made a part thereof.

The report further shows that each department or division, above referred to, has confirmed that the purchases assigned to it, as shown on said bill of particulars, were made; the material used in department or division equipment; that the amounts of the charges are correct; that the volume of material is correct; and as of June 30, 1945, appropriations were in existence and funds available in them for the payment of said materials had the invoices covering them been presented for payment within the allotted time.

The court finds from the record that the above named claimant furnished supplies for the respondent, the purchase of which was properly and duly authorized; claimant submitted its invoices to the respondent within a reasonable time and has not received payment; such non-payment is due to no fault on the part of the claimant; when the charges were incurred there remained a sufficient unexpended balance in the appropriation from which payments could have been made. Claimant is therefore entitled to this award. *Phillips Petroleum Company* vs. *State,* 14 C. C. R. 44.

An award is therefore entered in favor of the claimant in the sum of Sixty-Eight Dollars and Nine Cents ($68.09).